UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allan Rainey,<br><br>PLAINTIFF<br><br>v.<br><br>Chief of Police Steven Rice, Officer Joshua Cautheen,<br><br>DEFENDANTS | Case No. 0:23-03202-JFA<br><br>**ORDER** |

Plaintiff Christopher Rainey, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action against the above-named defendants. ECF No. 1. Plaintiff was made aware of certain deficiencies in his initial complaint and provided an opportunity to file an amended complaint. ECF No. 5. Plaintiff has since brought his case into proper form and filed an Amended Complaint on November 27, 2023. ECF No. 8. Plaintiff brings his suit under Title 42 U.S.C. § 1983 ("§ 1983"). The Court is familiar with the factual allegations contained in Plaintiff's complaint as Plaintiff brought a prior action against the same Defendants named here about the same incidents alleged here. *See* 0:20-693-JFA-BM.

Plaintiff's complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Molly Cherry.[1] It now comes before this Court for review of the Report and Recommendation ("Report")

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

filed by the Magistrate Judge. ECF No. 10. It recommends that the Complaint be summarily dismissed without prejudice, without leave to amend, and without issuance and service of process. ECF No. 10 at 4. Plaintiff was advised of his right to object to the Report, which was entered on the docket on December 12, 2023. *Id*. The Magistrate Judge required Plaintiff to file objections by December 27, 2023. Plaintiff has not filed objections to the Report. Thus, this matter is ripe for review. *Id*.

After Plaintiff failed to respond, the Magistrate Judge prepared a thorough Report and Recommendation. Within the Report, the Magistrate Judge opines that *Heck v. Humphrey*, 512 U.S. 477 (1994) precludes a § 1983 claim that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486-87. Instead, the Magistrate Judge correctly concludes that "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction or sentence. *Id*. at 482.

*Heck* applies to bar a plaintiff's § 1983 claim if two requirements are met: (1) a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's conviction or sentence; and (2) the claim is brought by a claimant who is either (a) currently in custody or (b) no longer in custody because the sentence has been served, but nevertheless could have practically sought habeas relief while in custody. *Covey v. Assessor of Ohio Cty*., 777 F.3d 186, 197 (4th Cir. 2014) (citations and alterations omitted). Without proof by the Plaintiff that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254" or additional argument that he would have been convicted regardless of the alleged search, this Court adopts the Report and finds Plaintiff's claims are barred by *Heck*.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to summary dismissal.

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the Report, Defendants' Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 10, is **ACCEPTED**. Plaintiff's claims against Defendants Rice and Cautheen are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

March 4, 2024
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge